IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAWN WILLIAM DEMILLE,

                            Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                            Defendant.

OPINION AND ORDER

13-cv-329-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an appeal of an administrative decision denying plaintiff Shawn William DeMille's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits. Plaintiff alleged that he suffered from a number of impairments such as a mood disorder and an anxiety disorder, but the administrative law judge concluded that plaintiff was not disabled because he retained the ability to perform a number of jobs classified as unskilled light work, such as cleaner/housecleaner and sales attendant.

      Plaintiff challenges the administrative law judge's decision on several grounds, but most of plaintiff's arguments relate to the issue whether the administrative law judge adequately accounted for plaintiff's limitations in concentration, persistence and pace. In addition, plaintiff argues that the administrative law judge should have considered testimony from the vocational expert regarding the ability of a person with an erratic work history to sustain employment. Because I disagree with all of plaintiff's arguments, I am affirming the

decision.

OPINION

A.  Limitations in Concentration, Persistence or Pace

In her residual functional capacity assessment, the administrative law judge determined that plaintiff "has a moderate limitation in his ability to maintain concentration, persistence or pace, but he retains the capacity to perform unskilled work.  'Moderate' is defined as having more than a slight limitation in the area, but the individual is still able to perform the function satisfactorily."  AR 30.  Plaintiff challenges this part of the administrative law judge's assessment in various ways, but all of them can be distilled to one issue, which is whether the administrative law judge erred by concluding that a limitation to unskilled work adequately reflected any limitation plaintiff had related to "concentration, persistence or pace."

Plaintiff first criticizes the administrative law judge for failing "to provide specific findings addressing [plaintiff's] mental limitations."  Plt.'s Br., dkt. #14, at 14.  He cites SSR 96-8p, which states that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF."  However, this argument raises the question of what plaintiff believes the more specific limitations should have been and whether any of those limitations are inconsistent with a

finding that plaintiff can perform unskilled work. If plaintiff cannot point to any limitations that conflict with the administrative law judge's assessment, then any failure by the administrative law judge to be more specific is harmless.

In an attempt to make that showing, plaintiff first points to a statement by Roger Rattan, a state agency psychologist. In his functional capacity assessment of plaintiff, Rattan wrote that plaintiff "reports some difficulty concentrating" and that plaintiff's "statements are found fully credible." AR 523. However, the assessment does not help plaintiff because Rattan also concluded that plaintiff "retains the basic mental capacity for unskilled work" despite his limitation in concentrating, which is consistent with the administrative law judge's assessment. Id.

Plaintiff argues that Rattan's conclusion about plaintiff's ability to perform unskilled work is inconsistent with a worksheet in which Rattan marked boxes indicating that plaintiff had various mental limitations. AR 521-22. Even if I assume that there is an inconsistency, that is an argument for disregarding *all* of Rattan's opinions. Skarbek v. Barnhart, 390 F.3d 500, 503 (7th Cir. 2004). Plaintiff does not explain why the administrative law judge would have been compelled to reject Rattan's ultimate conclusion, but accept Rattan's findings in the worksheet.

Next, plaintiff cites a report prepared by Marcus Desmonde, a psychologist who examined plaintiff. In his report, Desmonde stated that plaintiff "appears capable of tolerating the stress and pressure of competitive employment, but seems unable to sustain it without compliance with antidepressants" and that plaintiff "may have difficulty

3

interacting with co-workers, supervisors and the general public." AR 301-02.

Plaintiff does not explain how the first quoted statement is related to a finding about concentration, persistence or pace. Even after the commissioner made that point in her opposition brief, plaintiff said nothing about it in his reply brief. That leaves the statement that plaintiff "may" have difficulty interacting with others. That statement is important, plaintiff says, because the Dictionary of Occupational Titles classifies the jobs of housekeepers and sales attendants (the jobs the administrative law judge found that plaintiff could perform) as requiring the ability to take instructions or provide customer service.

Desmonde did not attempt to quantify the level of difficulty he believed plaintiff would have and he qualified his opinion with the word "may" without further explanation. Under those circumstances, it is not clear how the statement could have been helpful to the administrative law judge. Further, as the commissioner notes, both of the state agency psychologists considered Desmonde's report in their review, but both of them concluded that plaintiff retained the ability to perform unskilled work. AR 423, 428, 523. Accordingly, I conclude that plaintiff has failed to show that the record supports more restrictive limitations related to concentration, persistence or pace than what the administrative law judge found.

B.  Vocational Expert Testimony

At the administrative hearing, plaintiff's counsel asked the vocational expert to consider the job prospects for "somebody that would have a history of many jobs without

4

any longevity of lasting more than a few months, maybe even a year." AR 108. In response, the vocational expert suggested that work might not be available. Plaintiff argues that the administrative law judge erred by failing to consider the vocational expert's opinion on this issue because, under SSR 96-8p, a claimant is disabled unless he can sustain employment "on a regular and continuous basis."

Plaintiff's argument is without merit. To begin with, the vocational expert was not giving an opinion about plaintiff's ability to work. He simply was stating that a person with a spotty work history would have more difficulty finding a job, which is an obvious proposition. However, even if I assume that plaintiff's work history matches the one described in the hypothetical, plaintiff cites no authority for the view that he may show that he is disabled by showing that his previous jobs were short term. Obviously, the *reason* for any lack of longevity is important. Social Security benefits are provided for physical and mental limitations that prevent a claimant from working, 20 C.F.R. § 404.1545, so plaintiff would have to show that his inability to sustain a job was caused by a physical or mental limitation rather than some other reason. Because the vocational expert's testimony provides no insight into the reasons for any failure by plaintiff to keep a job, the administrative law judge was not required to consider that testimony.

In the section of plaintiff's brief discussing this issue, plaintiff does not rely on Desmonde's statement that plaintiff would be unable sustain employment without antidepressants. Even if I assume that plaintiff intended to rely on that statement, it is not helpful because plaintiff points to no reason that he would be unable to comply with a

medication regimen.  20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

ORDER

IT IS ORDERED that plaintiff Shawn Willian DeMille's motion for summary judgment is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 21st day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge